```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
MICHELLE BLACHER,                  :
GAMA TOURS, INC.,                  :
                                   :
              Plaintiffs,          :   04 Civ. 8004 (LAP)
                                   :
       -against-                   :   OPINION AND ORDER
                                   :
TOM RIDGE, Secretary, Department   :
of Homeland Security; EDUARDO      :
AGUIRRE, as Director of the        :
Citizenship and Immigration        :
Services; and PAUL NOVAK,          :
as Director of USCIS Vermont       :
Service Center,                    :
                                   :
              Defendants.          :
-----------------------------------x
```

LORETTA A. PRESKA, United States District Judge:

Plaintiffs Michelle Blacher and Gama Tours, Inc. (collectively, "Plaintiffs") bring the above-captioned action against Defendants Tom Ridge, Secretary, Department of Homeland Security; Eduardo Aguirre, as Director of the Citizenship and Immigration Services ("CIS"); and Paul Novak, as Director of USCIS Vermont Service Center (collectively, "Defendants"). Plaintiffs now move for summary judgment. Defendants cross-move to dismiss the complaint for lack of subject matter jurisdiction, improper venue, or in the alternative, for summary judgment. For the reasons set forth below, Defendants' motion is granted, and Plaintiffs' motion is denied.

## BACKGROUND

Gama Tours, Inc., a privately held corporation incorporated in Florida and authorized to do business in New York, New Jersey,

and Washington, provides travel services to businesses and
individuals, including tour packages and wholesale travel
services.  Plaintiff Michelle Blacher, a citizen and national of
Israel and South Africa, entered the United States under a
temporary visitor's visa in 2001.  Gama Tours offered Blacher
employment as a professional travel manager responsible for
directing, coordinating, and managing travel services in the New
York office.  In 2002, Gama Tours submitted to the Vermont
Service Center of the Immigration and Naturalization Service
("Vermont Service Center") a petition on Blacher's behalf for a
nonimmigrant visa ("H1-B visa").[1]

To be eligible for an H1-B visa, the duties required by the
position must meet the "specialty occupation" requirements of
§§ 101(a)(15)(H)(i)(b) and 214(i)(l) of the Immigration and
Nationality Act of 1952 ("INA"), as amended 8 U.S.C.
§§ 1101(a)(15)(H)(i)(b) and 1184(i)(1).  In evaluating
Gama Tours' petition, the Vermont Service Center issued Gama
Tours a "Notice of Action" preliminarily deciding that the
professional travel manager position did not constitute a
"specialty occupation" and requesting additional evidence

---

[1] As of March 1, 2003, the INS was eliminated as an
independent agency within the United States Department of
Justice, and its duties regarding applications for immigration
benefits were assumed by the CIS in the United States Department
of Homeland Security. See Homeland Security Act of 2002, Pub. L.
107-296, § 471(a), 116 Stat. 2135, 2205 (Nov. 25, 2002); 68 Fed.
Reg. 10922-01 (Mar. 6, 2003).

establishing that the position required the services of an individual with at least a baccalaureate degree. (Loprest Decl. at 45).[2]  Gama Tours did not provide new documentation in response to the INS' request for additional evidence and instead referred only to the documents and job description already submitted with its petition. (Loprest Decl. at 15).  Vermont Service Center denied Gama Tours' H1-B visa petition based on Gama Tours' failure to demonstrate that the professional travel manager constituted a "specialty occupation." (Id.).

Gama Tours subsequently filed an appeal to the Administrative Appeals Office ("AAO") arguing the denial was arbitrary, capricious, and an abuse of discretion. (Loprest Decl. at 7).  The AAO affirmed the Vermont Service Center's denial of Gama Tours' petition for the H1-B visa finding that Gama Tours failed to "establish that a baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the offered position," and the duties associated with the position, moreover, did not require the "theoretical and practical application of a body of highly specialized knowledge." (Loprest Decl. at 3).

Plaintiffs filed the instant action on October 5, 2004, challenging Defendants' denial of Gama Tours' petition and

---

[2] "Loprest Decl." refers to the Declaration of F. James Loprest, Jr., dated April 27, 2005.

seeking declaratory relief approving the H1-B visa petition for Blacher.

Plaintiffs now move for summary judgment. Defendants cross-move to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for improper venue, pursuant to Rule 12(b)(2), or, in the alternative, for summary judgment, pursuant to Rule 56(c).

## DISCUSSION

### I. Subject Matter Jurisdiction

As a threshold matter, I must determine whether subject matter jurisdiction exists over Plaintiffs' appeal of the AAO's denial of Plaintiffs' H1-B petition. The federal district courts of the United States have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendants argue that INA § 279 and the lack of federal question jurisdiction preclude this Court from exercising subject matter jurisdiction over Plaintiffs' claims.

#### A. Immigration and Nationality Act

Courts originally had jurisdiction to review denial of employment visa petitions under INA § 279. See Hird/Blaker Corp. v. Sava, 712 F. Supp. 1095, 1098 (S.D.N.Y. 1989). In 1996, however, Congress amended INA § 279 by enacting the Illegal

Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), stating that "nothing in this section shall be construed as providing jurisdiction for suits against the United States or its agencies or officers." 8 U.S.C. § 1329. Plaintiffs concede that INA § 279 no longer confers jurisdiction on this court to review denials of nonimmigrant visa petitions.

B.  Federal Question

Plaintiffs nevertheless contend that federal question jurisdiction exists as a result of Defendants' violation of Plaintiffs' due process rights.[3] The "well-pleaded complaint rule" requires that the federal question be "presented on the face of the plaintiff's properly pleaded complaint," making the plaintiff the "master of the claim." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal question jurisdiction exists in a case "arising under" the Federal Constitution or the laws of the United States where a plaintiff's rights "will be defeated by one construction of the constitution

---

[3] Blacher is not a proper party to this action. Admission to the United States is a privilege granted by the United States government, thus an alien lacks any constitutionally protected right to enter the United States as a nonimmigrant. United States ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 542 (1950). Gama Tours, the petitioner, is the only party with standing to seek review of the petition's denial. See 8 C.F.R. § 103.3(a)(iii)(B) (the affected party is the entity with legal standing in a proceeding and does not include the beneficiary of a visa petition); see also Joseph v. Landon, 679 F.2d 113, 116-17 (7th Cir. 1982). Therefore, the only violation of due process rights considered here are those alleged by Gama Tours.

5

or sustained by the opposite construction." <u>Starin v. City of New York</u>, 115 U.S. 248, 257 (1885).  Gama Tours must demonstrate that it has an "already acquired" interest in the granting of the H1-B visa to which it is entitled. <u>See</u> <u>Board of Regents v. Roth</u>, 408 U.S. 564, 576-77 (1972).

Gama Tours argues that it has the right to a fair and legal determination by the Defendants of the visa petition, and by erroneously interpreting the definition of "specialty occupation," Defendants violated Plaintiff Gama Tours' due process of law.  Yet, there is no constitutionally protected interest in an alien's immigration status to establish federal question jurisdiction in this case. <u>See, e.g.</u>, <u>Kleindienst v. Mandel</u>, 408 U.S. 753, 762 (1972) (noting that an unadmitted and nonresident alien has "no constitutional right of entry to this country as a nonimmigrant or otherwise"); <u>Azizi v. Thornburgh</u>, 908 F.2d 1130, 1134 (2d. Cir. 1990) (holding that neither an alien nor his American wife has an "inherent property right in an immigrant visa").

While Gama Tours contends that this is a matter involving a non-discretionary federal question where Defendants wrongfully interpreted the INA and the regulations under that law, the language of 8 U.S.C. § 1184(a)(1) provides that "the admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may

6

by regulations prescribe." The statute clearly grants discretion to the Attorney General in these cases to determine whether the conditions for the visa have been met. To obtain a temporary nonimmigrant H1-B visa, the petitioning employer must prove that the alien is coming to the United States temporarily to perform services in a specialty occupation. See 8 U.S.C. § 1101(a)(15)(H)(i). Section 1184(i)(1) defines "specialty occupation" as an occupation that requires "(A) theoretical and practical application of a body of highly specialized knowledge, and (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States." 8 U.S.C. § 1184(i)(1). Here, the AAO affirmed the Vermont Service Center's determination that Gama Tours failed to establish that a baccalaureate or its equivalent normally was required for the offered position and that the duties associated with the position required the "theoretical and practical application of a body of highly specialized knowledge." (Loprest Decl. at 3). Thus, the agency acted appropriately within its discretion.

Plaintiff Gama Tours argues that the decision to deny the H1-B visa was a wrong interpretation of law, and, therefore, this matter regards a non-discretionary federal question. This reasoning is flawed because it contradicts the plain language of INA § 242(a)(2)(B)(ii), which states that "no court shall have

jurisdiction to review . . . any other decision or action of the Attorney General . . . which is specified under this title to be in the <u>discretion</u> of the Attorney General . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added).

Next, Plaintiff Gama Tours argues that the heading of this section, "Judicial review of orders of removal," indicates that Congressional intent exists to deprive judicial review only in cases concerning final orders of removal. The heading of a statute section, however, does not limit the plain meaning of the text of the statute because headings are "[f]or interpretative purposes, they are of use only when they shed light on some ambiguous word or phrase" and should be used as "tools available for the resolution of doubt." <u>Trainmen v. Baltimore & Ohio R.R.</u>, 331 U.S. 519, 528-29 (1947). The heading for section 1252 "appears to have a broader scope than simply setting forth the jurisdictional limits of review of orders of removal." <u>Curri v. Reno</u>, 86 F. Supp. 2d 413, 417 (D.N.J. 2000). The Supreme Court stated that "protecting the Executive's discretion from the courts . . . can fairly be said to be the theme of the [IIRIRA] legislation." <u>Reno v. American-Arab Anti-Discrimination Comm.</u>, 525 U.S. 471, 486 (1999). Although denials of H1-B visas are not enumerated specifically in the IIRIRA legislation, the plain language of the legislation necessarily precludes judicial review of the discretionary denial of the H1-B visa petition. See <u>CDI Info. Servs., Inc. v. Reno</u>, 278 F.3d 616, 620 (6th Cir. 2002).

Therefore, INA § 242(a)(2)(B)(ii), codified as 8 U.S.C. § 1252(a)(2)(B)(ii), deprives this Court of jurisdiction to review the denial of the H1-B visa petition.

Finally, Gama Tours asserts that jurisdiction exists under the declaratory judgment statute, 8 U.S.C. § 2201, and under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701. The declaratory judgment statute is inapplicable, however, because "the declaratory judgment statute does not confer jurisdiction on a district court." Fleet Bank, N.A. v. Burke, 160 F.3d 883, 886 (2d. Cir. 1998) (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950)). As to the APA, Gama Tours erroneously relies on Dew v. United States, 192 F.3d 366, 371 (2d Cir. 1999), which states that the "APA does not waive sovereign immunity 'where a matter is statutorily committed to agency discretion,'" as is the case here. Therefore, this court lacks subject matter jurisdiction under either INA § 279 or federal question jurisdiction.

II. Venue

In a civil action in which a defendant is an officer or employee of the United States, venue is proper in the District where: (1) the defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) the plaintiff resides if no real property is involved in the action. 28 U.S.C. § 1391(e). Although Gama Tours asserts that venue is proper due to Blacher's residence in New York City and Gama

9

Tours' possibility of opening an office in New York, these factors are not sufficient to enable this Court to have proper venue.

First, none of the Government defendants resides in this District. Both the Secretary of Homeland Security and the Director of the CIS reside in Washington, D.C., and the Director of the CIS Vermont Service Center resides in Vermont.

Second, the events giving rise to this claim regard the decision of the Director of the Vermont Service Center that the AAO subsequently affirmed. No government official in this District is alleged to be part of that controversy.

Third, neither the corporate Plaintiff nor the individual Plaintiff resides in this venue. A corporate plaintiff resides in its place of incorporation for venue purposes. See Plastistarch Int'l Corp., v. Plastistarch Corp. Ltd., 484 F. Supp. 1312, 1316 (S.D.N.Y. 1980) (citing Manchester Modes, Inc. v. Schuman, 426 F.2d 629 (2d Cir. 1970)). Thus, Plantiff Gama Tours, incorporated in Florida and authorized to do business in Great Neck, New York (located in the Eastern District of New York), and Seattle, Washington (located in the Western District of Washington), does not reside in this District. As for the individual Plaintiff, alien plaintiffs have no residence for the purposes of diversity venue. See Fleifel v. Vessa, 503 F. Supp. 129, 130 (W.D. Va. 1980) (citing Brunette Mach. Works, Ltd. v. Kochum Indus., Inc., 406 U.S. 706 (1972)). Although Blacher

resides in this District, she is an alien and has no residence for venue purposes. Furthermore, Blacher is not even a proper party to this action. See footnote 3 supra.

Therefore, this district is not the proper venue because neither the plaintiff nor the defendants reside in this district, and none of the complained of activity occurred in this district.

III. Summary Judgment

Summary judgment will be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue as to a material fact, all justifiable inferences must be drawn in favor of the non-movant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The Court of Appeals held that the "denial of a [visa] classification petition may be overturned only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." See Egan v. Weiss, 119 F.3d 106, 107 (2d Cir. 1980). An abuse of discretion may be found where the agency's decision has no rational explanation and is devoid of any reasoning. See Zhoa v. U.S. Dep't of Justice, 265 F.3d 83, 93 (2d Cir. 2001).

Plaintiff Gama Tours contends that the denial of the H1-B petition was arbitrary, capricious, and not in accordance with the law because the position of travel manager is a professional occupation that is different from the position of a travel agent.

The Vermont Board, in deciding that the Gama Tours' proposed position was not one of a specialty occupation, relied on the Department of Labor's Occupational Outlook Handbook, which stated that the minimum requirement for a travel agent position is a high school diploma, not a bachelor's degree. See U.S. Dep't of Labor, Bureau of Labor Statistics, Occupational Outlook Handbook, "Travel Agents" (2002). Reliance on the Occupational Handbook is reasonable in determining whether a proposed position satisfies the requirements of a "specialty occupation." See Hird/Blaker Corp., 712 F. Supp. at 1101. Therefore, reliance on the Occupational Handbook to determine that Gama Tours' proposed position was not a specialty occupation is not an abuse of discretion.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion for summary judgment (Docket no. 13) is denied, and Defendants' cross-motion to dismiss or, in the alternative, for summary judgment is granted (Docket no. 14).

The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED:

February 23, 2006

*Loretta A. Preska*
Loretta A. Preska, U.S.D.J.